H. H. WALLIS *v.* A. BOURG, Sheriff, et als.

A Sheriff must make a return of the writ on the return day, but he may retain a copy in order to carry out his execution.  Act of 1855, No. 199.

APPEAL from the District Court of the Parish of Terrebonne, *Simon, J. Rightor & Goode*, for *Wallis. Louis Bush*, for *Patterson & Co.*, appellants.

VOORHIES, J.   The plaintiff assigns two grounds for the injunction, which he has sued out against his creditors, *R. Patterson & Co.*, defendants in this cause.

The first is that the property advertised for sale, has never been legally seized, nor that notice of seizure has ever been served ; and the second, that the sale is advertised to be made on the plantation, although this has not been required by the debtor.

I. This is the second injunction sued out against the seizing creditors ; and the plaintiff now contends that, at the dissolution of the first injunction, the return day having expired, the Sheriff should have proceeded as if no seizure had been made.

The statute regulates this matter otherwise. It authorizes the officer to proceed " in the same manner as though the original writ was in his hands." Sess. Acts 1855, p. 253, sec. 3.

II. There is no evidence that the plaintiff ever protested against the course pursued by the Sheriff, in advertising the sale to be made on the plantation ; and the party's forthcoming bond states that he (shff.) will advertise said property for sale on the plantation, etc." This circumstance, at least when unexplained, fortifies the presumption that the officer was doing his duty in the premises. C. P. 664.

This view of the case disposes substantially of the plaintiff's bills of exceptions.

The judgment creditors are entitled to damages for the wrongful issuance of this injunction. The District Judge dissolved the injunction, but disallowed the damages ; in this respect the judgment must be amended.

It is, therefore, ordered and decreed, that the judgment of the District Court be so amended as to allow the defendants the sum of five hundred dollars, for damages incurred ; and that in other respects the same be affirmed, the plaintiff and appellee paying the costs of appeal.